[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.] JUDGMENT ENTRY.
{¶ 1} This appeal is considered on the accelerated calendar under App.R. 11.1(E) and Loc.R. 12, and this Judgment Entry shall not be considered an Opinion of the Court pursuant to S.Ct.R.Rep.Op. 3(A).
{¶ 2} Defendant-appellant Andre Dockery appeals the trial court's judgment convicting him of failure to comply with a lawful order of a police officer in violation of R.C. 2921.331(B). He was convicted of this offense following the entry of a guilty plea. The trial court sentenced him to a two-year prison term.
{¶ 3} After thoroughly reviewing the trial court's record and the applicable law, Dockery's appointed appellate counsel, pursuant to Andersv. California,[1] has stated in his brief that he has found no errors in the proceedings below and has filed a motion to withdraw as counsel.
{¶ 4} Under Anders, this court is now charged with the task of independently reviewing the record for any prejudicial errors that would warrant the reversal of Dockery's conviction. The plea and sentencing transcript reveals that Dockery understood the import and consequences of his plea of guilty, as required by Crim.R. 11(B) and 11(C)(2). Thus, after reviewing the entire record, we conclude that prejudicial error did not attend the proceedings below, and we hold that there are no grounds to support a meritorious appeal. The judgment of the trial court is, therefore, affirmed, and appellate counsel's motion to withdraw is overruled.
{¶ 5} Although we have concluded that this appeal is frivolous pursuant to App.R. 23 and is without "reasonable cause" under R.C. 2505.35, we refrain from taking costs and expenses against Dockery because it is clear from the record that he is indigent.
{¶ 6} Further, a certified copy of this Judgment Entry shall constitute the mandate, which shall be sent to the trial court under App.R. 27. Costs shall be taxed under App.R. 24.
Hildebrandt, P.J., Gorman and Painter, JJ.
[1] (1967), 386 U.S. 738, 87 S.Ct. 1396.